UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMER VAN GORDER,

                    Plaintiff,              No. 08-CV-11460-DT

vs.                                          Hon. Gerald E. Rosen

GRAND TRUNK WESTERN RAILROAD,

                    Defendant.
_____/

OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
AND ORDER REMANDING PLAINTIFF'S COMPLAINT
TO GENESEE COUNTY CIRCUIT COURT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on ___May 9, 2008_____

PRESENT:   Honorable Gerald E. Rosen
                    United States District Judge

I. INTRODUCTION

On March 4, 2008 Plaintiff Elmer Van Gorder filed the instant action in Genesee

County Circuit Court alleging a claim for damages against his former employer,

Defendant Grand Trunk Western Railroad ("Grand Trunk"), pursuant to the Federal

Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA").[1]  Grand Trunk removed the

_____

    [1]  This is the third complaint filed by Plaintiff Van Gorder against Grand Trunk.
This Court entered summary judgment in favor of Grand Trunk on the first of Van
Gorder's complaints and the Sixth Circuit affirmed that decision.  *See Van Gorder v.
Grand Trunk Western Railroad*, E.D. Mich. No. 05-70380 (Sept. 27, 2006), *aff'd*, 509

1

case to this Court, asserting as the basis for removal that this Court has original subject matter jurisdiction over the case under 28 U.S.C. § 1331 pursuant to the FELA. Arguing that his Complaint was not removable, Plaintiff timely moved to remand the case to State court.

Having reviewed and considered Plaintiff's Motion to Remand, Defendant's Response thereto, and the Court's entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. DISCUSSION

Plaintiff Elmer Van Gorder is a former employee of Defendant Grand Trunk. During the course of his employment, Van Gorder worked as a carman in the mechanical department at the Flint, Michigan rail yard. In his Complaint in this action, Van Gorder alleges that

> [i]n the course of performing his duties for the Defendant, throughout his career, the Plaintiff was continuously and repeatedly exposed to excessive vibration, was required to perform repetitive and forceful motions utilizing his upper extremities and was caused to use excessive force and awkward

_____

F.3d 265 (6th Cir. 2007). The second complaint, *Van Gorder v. Grand Trunk Western Railroad*, E.D. Mich. No. 06-14345, filed in this Court on October 3, 2006, remains pending. Both of these complaints arose out of a particular on-the-job incident that occurred on October 17, 2003, when a clamshell door on one of the train cars that Plaintiff was attempting to close suddenly jammed and caused him to lose his grip of the door, fall off the car and injure his right shoulder. There are no allegations concerning this October 2003 incident in the instant Complaint.

upper extremity postures which caused the Plaintiff to sustain severe and permanent injuries to his upper extremities including but not limited to his shoulders, joints and nervous system.

[Plaintiff's Complaint, ¶ 10.]

He further alleges that

[t]hroughout Plaintiff's employment, the Defendant knew, or in the exercise of proper diligence should have known, of the presence and existence of the aforementioned dangers within Plaintiff's working environment, and of its ongoing required repetitive and forceful movements, awkward postures, and vibrations throughout the same period [and]

[t]he injuries and damages to Plaintiff being complained of were directly and proximately caused by the negligence of the Defendant, their [sic; its] agents, servants or employees while acting within the nature and scope of their employment for the Defendant. . . .

*Id.* ¶¶ 12-13.

Plaintiff further specifically alleges that his Complaint is brought "pursuant to the provisions of the Federal Employer's [sic] Liability Act, Title 42 U.S.C. § 51 et seq." *Id.* ¶ 1; *see also* ¶¶ 3, 13. Based upon the foregoing Complaint allegations, Defendant removed the action to this Court.

The Federal Employers' Liability Act, ("FELA"), provides, in part,

Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipment.

45 U.S.C. § 51.

While it is true that "[a] claim does not arise under the FELA merely because the plaintiff names that statute in his complaint," *Hammond v. Terminal Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir. 1988), and that a court must "look beyond the FELA label to determine whether the facts alleged in the complaint are sufficient to sustain a legally colorable FELA cause of action," *id.*, looking beyond the FELA label here shows that the allegations of Plaintiff's Complaint here sufficiently allege a FELA cause of action.[2] Indeed, the parties do not dispute that Plaintiff has alleged a FELA claim. The issue, rather, is whether the claim was removable.

28 U.S.C. § 1331 provides:

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

28 U.S.C. § 1441(a) provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending. . . .

Although generally a defendant may remove a claim to the district court when the

---

[2] To present a *prima facie* case under the FELA, a plaintiff must demonstrate that: (1) the plaintiff was injured while in the scope of employment; (2) the plaintiff's employment is in furtherance of the railroad's interstate transportation business; (3) the employer was negligent; and (4) the employer's negligence played some part in causing the injury for which compensation is sought under the FELA. *Green v. River Terminal Ry. Co.*, 763 F.2d 805, 808 (6th Cir. 1985).

4

claim arises under a federal statute, 28 U.S.C. § 1445 dictates that certain civil actions are

non-removable. The non-removable actions listed in Section 1445 includes FELA

actions. 28 U.S.C. § 1445(a) provides:

> A civil action in any State court against a railroad or its receives or trustees,
> arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C.
> 51-54, 55-60), may not be removed to any district court of the United
> States.

By enacting Section 1445(a), "Congress has unequivocally declared that in FELA

suits filed in state courts, the federal courts are without jurisdiction to proceed in the

matter until the cause has run its course at the state level." *Gamble v. Central of Ga. Ry.*,

486 F2d 781 (5th Cir. 1973); *Carpenter v. Baltimore & O Ry. Co.*, 109 F.2d 375, 379

(6th Cir. 1940) ("We are not unmindful of the fact that 45 U.S.C.A. 56. . . provides that

no case brought under the Federal Employers' Liability Act in a state court of competent

jurisdiction shall be removed to any court of the United States."); *Chacon v. Atchison,

Topeka & Santa Fe Ry*, 320 F.2d 331, 332 (10th Cir. 1963) ("It is settled law that a civil

action brought in a state court of competent jurisdiction against a railroad company

subject to the act to recover damages for personal injuries is not open to removal to the

district court"); *Yawn v. Southern Railway Co.*, 591 F.2d 312 (5th Cir.), *cert. denied*, 442

U.S. 934 (1979) (reversing district court's order denying the plaintiffs' motion to remand

their FELA complaint where the substance of the complaint was an action alleging

physical injury to railroad employees caused by the railroad's negligence); *Edmonds v.

Norfolk and Western Ry. Co.*, 883 F. Supp. 89, 92 (S. D. W. Va. 1995) (where plaintiff

employee's complaint was well pled and alleged a cause of action against the railroad

under the FELA, case was not removable to district court).

Defendant Grand Trunk concedes that, "as a general rule, FELA cases are not

removable." [Defendant's Response Brief, p. 2.] Nonetheless, Defendant argues that

because Plaintiff has himself invoked federal jurisdiction over the two FELA cases he

previously filed against Grand Trunk, remand of this state-court filed action would be "at

odds with considerations of finality, efficiency and economy and a fair and unprotracted

administration of justice." While the Court certainly has an interest in judicial economy

and the "unprotracted administration of justice," such interests cannot override the

express directives of Congress. As the Fifth Circuit stated in rejecting these precise

considerations as justification for refusing to remand the plaintiff's FELA claim to state

court in *Gamble v. Central of Georgia Ry. Co.*, 486 F.2d 761 (5th Cir. 1973),

> We have no quarrel with the district court's respect for the
> diseconomy attendant upon separate trials in different courts for causes of
> action arising out of the same circumstances. Nevertheless concerns for
> conserving judicial time may not be permitted to override the manifest
> intent of Congress. The rule articulated by the district court is completely
> at variance with the purpose of Congress. . . .

*Id.* at 783.

In *Gamble*, the plaintiff filed suit in Alabama state court under provisions of the

FELA. She sought damages for the death of her husband, a deceased employee of

Central of Georgia Railway, claiming that her husband's death resulted from injuries

sustained when he was caught between a boxcar and a loading platform in Bullock

County, Alabama, that had been built and maintained by McGregor Printing Company, a

Delaware corporation, on Central of Georgia Railway property.  On the basis of the

indemnification provision of a "close clearance" agreement as to the loading platform

entered into between the railroad and McGregor, Central of Georgia impleaded

McGregor as a third-party defendant.  McGregor thereupon filed a removal petition

alleging diversity of citizenship as the basis for removal.  The plaintiff moved to remand

on the ground that FELA cases are specifically non-removable under 28 U.S.C. §

1445(a).  The district court denied this motion and also denied the plaintiff's alternative

motion for severance of the third-party suit and remand of the original action.  Although

the district court acknowledged   that Congress undoubtedly intended in enacting Section

1445(a) that FELA actions be non-removable, it opined that when balanced against

considerations of judicial economy, non-removability could properly yield to allow

joinder and removal "in individual cases in isolated incidents" without doing wholesale

violence to the mandate of Section 1445(a).  486 F.2d at 783.  On this basis, the district

court reached its conclusion that Section 1441(c) took precedence over Section 1445(a)

and refused to remand the entire lawsuit or to order a limited remand of the original

FELA action.  *Id.*

The Fifth Circuit reversed the district court's decision and explained its reasoning

by looking to the legislative history of Section 1445(a):

> The limitation upon the removability of FELA suites in 28 U.S.C.
> Sec. 1445(a) was added by Congress by the 1910 amendments to the

FELA. . . .  As originally enacted the FELA left unclear the question of jurisdiction to hear suits arising under the Act.  This caused the courts of several states, notably Connecticut, to refuse to assume jurisdiction of FELA suits on the grounds that federal courts had exclusive jurisdiction under the Act.  In the instances where the state courts did not refuse jurisdiction, the plaintiff often found his case removed to federal court by the defendant railroad on diversity grounds.  The Congress, therefore, undertook to remedy what it perceived to be jurisdictional defects in the Act.

The discussion of proposed amendments to the FELA was conducted in an atmosphere of concern over the erosion of the power of the states and the concomitant expansion of the power of the federal government.  Not surprisingly, in this setting, the amendments initially proposed to the FELA envisioned stripping federal courts of jurisdiction to try cases under the Act altogether.. . . An alternative amendment would have conferred exclusive jurisdiction upon the state courts in express statutory terms.  This proposal failed to satisfy other Senators who favored concurrent state-federal jurisdiction over FELA cases.

Out of this disagreement over amendments emerged a compromise proposal. . . offered by Senator Paynter of Kentucky, which provided both for concurrent jurisdiction in the state and federal courts, and for the plaintiff to have the right to choose the forum in which he wished to proceed.  The crucial provision made it impossible for FELA suits instituted in state courts ever to be removed to federal courts on any grounds. . . .  In offering this amendment, Senator Paynter made the following statement:

> I suggested yesterday an amendment giving exclusive jurisdiction to the state courts.  I would very much prefer seeing the bill confer exclusive jurisdiction upon state courts. * * * But in deference to the opinion of others who desire the same purpose to be accomplished that I have in view, I offer an amendment which will give the plaintiff the right to select the forum in which his case shall be tried.

The spirit in which the Paynter proposal was received by other members of the Senate is indicated by the following remarks of Senators Bailey of Texas, Borah of Idaho, and Hale of Maine:

MR BAILEY: That [the Paynter proposal] is entirely agreeable to me because it takes these cases out of the operation of the removal act.

* * *

MR. BORAH: [T]he amendment of the Senator from Kentucky enables the plaintiff to go into the federal court if he desires to do so, but the case cannot be removed. It takes these cases from under the removal act.

* * *

MR. HALE: In other words, the federal law and federal authority cannot lay its strong hand upon all forms of litigation on such a subject matter as this until the state courts have had trial, verdict and judgment.

The bill was duly amended as proposed by Senator Paynter, passed by the Senate and sent to the House of Representatives. . . . There was relatively little discussion of the amendments in the House, but the following comments by Representative Garrett of Tennessee are significant in the present context: "I want to get clearly the amendment about removal in mind. Now it is clear that no case brought in a state court shall be removed to a federal court. . . ."

Congress patently intended that FELA suits be not removed once instituted in state courts. The intended result was to take FELA suits "out of the operation of the removal act" by the Paynter amendment, the forerunner of the current Sec. 1445(a). The district court's conclusion that non-removability may be disregarded in "individual cases in isolated incidents" was erroneous. It is mandated by the Constitution, Article III, Sec. 2, that Congress has the sole power to fix the jurisdiction of the federal courts and it follows that when Congress has deprived the federal courts of jurisdiction in certain cases, the courts cannot *ad hoc* reinvest themselves with that jurisdiction, either in "individual cases" or otherwise.

489 F.2d at 783-85 (quoting 45 Cong. Record 3995-4093) (footnotes omitted).

The Court agrees with the *Gamble* court's reasoning. Defendant's "finality,

efficiency, economy and administration of justice" arguments do not render Plaintiff's

9

non-removable Complaint otherwise removable.

Defendant also argues that the Court should deem Plaintiff to have waived his right to object to federal court jurisdiction by virtue of his previous filing of two other cases against his former employer in federal court. While it is true that a few courts -- including the Sixth Circuit -- have determined that a removal in violation of Section 1445(a) is a waivable non-jurisdictional defect when the federal court could have exercised subject matter jurisdiction had the case originally been brought there, *see Carpenter v. Baltimore & O. Ry. Co.*, 109 F.2d 375, 379-80 (6th Cir. 1940); *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116 (5th Cir. 1987) (en banc); *Feicho v. Denver & Rio Grande Western R. Co.*, 213 F.3d 586, 589 (10th Cir. 2000), to constitute such a waiver the plaintiff must either fail to timely move for remand or take such other affirmative action *in the case* indicating acquiescence in federal jurisdiction. *See id. Cf., Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 904-05 (6th Cir. 1988) (holding that the district court did not abuse its broad discretion in determining that by reason of plaintiff's affirmative activity in the case in the district court before filing her motion to remand -- to-wit, having entered into stipulations, filed requests for discovery, sought leave to amend her complaint, demanded a trial by jury, proceeded with discovery and filed of a new lawsuit against the defendant in the federal court -- the plaintiff waived any objection she may have had to the untimeliness of the defendants' removal petition.) No case, however, has held that a plaintiff who timely files a motion to remand and takes

no other action in the case while it is pending in federal court may nonetheless be held to have waived his right to object to removal simply by virtue of having previously filed similar actions against the same defendant.

Indeed, an improvident removal is not cured simply by the fact that the Court already has before it a case arising out of the same facts over which it has original jurisdiction. As this Court recently stated in addressing the same issue in the context of a removal argument predicated upon "supplemental jurisdiction" under 28 U.S.C. § 1367, a defective removal is not made proper by virtue of the fact that the federal district court already has subject-matter jurisdiction over another action filed by the plaintiff. *Wrobbel v. Asplundh Construction Corp.*, ___ F. Supp. 2d ___, 2008 WL 1827421 at *7 (E.D. Mich., Apr. 24, 2008), citing *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir.1996). *See also In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa.1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action," even if "such an approach would have the benefits of efficiency." *Id.*).

CONCLUSION

For all of the foregoing reasons, the Court concludes that Defendant improvidently removed this case from Genesee County Circuit Court. Removal of Plaintiff's Complaint in this matter is barred by 28 U.S.C. § 1445(a). Therefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand **[Dkt. # 6]** is

GRANTED.  Accordingly,

IT IS FURTHER ORDERED that this case, Civ. No. 08-11460, be REMANDED

to the Genesee County Circuit Court.

IT IS FURTHER ORDERED that Defendant Grand Trunk's Motion for Summary

Judgment  **[Dkt. # 5]** is dismissed, without prejudice. The Court expresses no view on the

merits of Defendant's statute of limitations and *res judicata* arguments.  It will be for the

State court to decide those issues.

SO ORDERED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 9, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 9, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager